IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ROLAND,

    Plaintiff,

v.   CASE NO. 1:11-cv-34-MP-GRJ

JAMES T. BROWNING,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    In Plaintiff's First Amended Complaint, filed on the Court's Civil Rights Complaint Form, Plaintiff names James T. Browning, a county court judge in Levy County, as the Defendant. (Doc. 4.) While Plaintiff's claims are somewhat difficult to decipher, it appears that Plaintiff challenges Judge Browning's refusal to reduce Plaintiff's bond and imposition of an excessive bond in a state criminal case, which Plaintiff contends involved a false arrest on illegal drug charges. While the complaint is difficult to decipher, it is clear that Plaintiff is challenging the decisions of a state judge in a state criminal case, which is either still pending or concluded. Because the complaint challenges the conduct of a judge during the performance of his duties in a criminal case Plaintiff's claims against the Defendant are barred by the doctrine of absolute judicial immunity.

    It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.

2000) (internal citations omitted).   Although Plaintiff's allegations are not entirely clear, it is evident that the conduct about which Plaintiff complains involved the Defendant's actions as a county judge during a pending criminal proceeding. Thus, absolute judicial immunity applies to all of the Defendant's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) the Court "shall dismiss the case ... if the court determines that- the action ... seeks monetary relief against a defendant who is immune from such relief." Additionally, the screening procedures required by 28 U.S.C. § 1915A provide that "[O]n review .. the court shall dismiss the complaint, if the complaint [ ] seeks monetary relief from a defendant who is immune from such relief." As such, where as here, suit is brought against a judicial officer who enjoys absolute immunity, the Court is required to dismiss the case and there is no reason to afford the litigant a further opportunity to amend, even though the plaintiff is proceeding *pro se*.[1]

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2(B)(ii) because Plaintiff seeks monetary relief against a defendant who is immune from suit.

**IN CHAMBERS**, at Gainesville, Florida, this 30th day of June 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] In the Court's February 25, 2011 Order (Doc. 3) the Court already granted Plaintiff an opportunity to amend.

*Case No: 1:11-cv-34-SPM-GRJ*

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**